FILED 8 OCT '25 12:42USDC-ORP

**UNDER SEAL**

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | 3:25-cr-00350-AB |
| v. | **SUPERSEDING INDICTMENT** |
| ███████████, **LUCIAN SULITANU,** and **REXONA CALDARARU,** | 18 U.S.C. §§ 1349; 1344(2); 1028A |
| | **Forfeiture Allegation** |
| Defendants. | **UNDER SEAL** |

**THE GRAND JURY CHARGES:**

**INTRODUCTORY ALLEGATIONS**

1. At all times relevant to this Superseding Indictment, ███████████ was a citizen of Romania, whose residence was unknown.

2. At all times relevant to this Superseding Indictment, **Lucian Sulitanu** was a citizen of Romania, whose residence was unknown.

3. At all times relevant to this Superseding Indictment, **Rexona Caldararu** was a citizen of Romania, whose last known residence was in the State of California.

4. At all times relevant to this Superseding Indictment, Wells Fargo Bank, Bank of America, JP Morgan Chase Bank, Truist Bank, and BMO Bank (collectively, the "Financial Institutions"), were federally insured financial institutions as defined in 18 U.S.C. § 20.

5. At all times relevant to this Superseding Indictment, each of the victims, including Adult Victims ("AV") 1 through 5, was an authorized signatory on the bank accounts belonging to each victim. The debit cards associated with each of the victim's bank accounts were issued to the victim to whom the bank account belonged. ▇, **Sulitanu**, or **Caldararu** were not authorized signatories on any of the victims' bank accounts and were not authorized to use the debit cards belonging to each of the victims.

### COUNT 1
### (Conspiracy to Commit Bank Fraud)
### (18 U.S.C. § 1349)

6. All prior paragraphs of this Superseding Indictment are incorporated herein.

7. Between on or about August 1, 2023, and July 8, 2025, in the District of Oregon and elsewhere, Defendants ▇ **Lucian Sulitanu**, and **Rexona Caldararu** (collectively, "**Defendants**") knowingly devised and intended to devise a material scheme to defraud or attempt to defraud the Financial Institutions, and to obtain money, funds, and property owned by or under the control of the Financial Institutions by means of false and fraudulent pretenses, representations, and promises.

8. The object of the conspiracy was to be carried out, and was carried out, in substance, in the following manner:

    a. One or more of the **Defendants** would follow a victim through the checkout line at a grocery store and watch the victim, typically an elderly person, use a debit card in order to learn the personal identification number associated with the victim's debit card.

    b. One or more of the **Defendants** would then follow the victim to the parking lot of the grocery store and pretend that the victim had dropped money on the

ground. A **Defendant** would give, or attempt to give, the money to the victim, typically by trying to physically place the money into the victim's wallet.

      c.      While one of the **Defendants** placed, or attempted to place, the money into the victim's wallet, the **Defendant** would steal the victim's debit card.

      d.      One or more of the **Defendants** would then use the stolen debit card at one of the Financial Institutions to withdraw money from either an automated teller machine ("ATM") or from the teller directly, without the permission or authorization of the cardholder victim. At other times, one or more of the **Defendants** would also use or attempt to use the stolen debit card at a retailer.

      e.      In doing so, the **Defendants** would falsely represent to the Financial Institutions that one or more of the **Defendants** was the authorized user of the stolen debit cards and concealed from the Financial Institutions that one or more of the **Defendants** did not have the victim's consent to use the stolen debit cards.

      f.      These false representations were material to each of the affected Financial Institutions.

9.      In executing the scheme to defraud, the **Defendants** made, or attempted to make, fraudulent and unauthorized cash withdrawals of at least $245,482 in the District of Oregon and elsewhere.

All in violation of 18 U.S.C. § 1349.

### COUNTS 2 - 7
### (Bank Fraud)
### (18 U.S.C. § 1344(2))

10.      All prior paragraphs of this Superseding Indictment are incorporated herein.

11. Between on or about August 1, 2023, and July 8, 2025, in the District of Oregon and elsewhere, ▓▓▓▓▓▓▓▓ **Lucian Sulitanu**, and **Rexona Caldararu** (collectively, "**Defendants**"), together with others known and unknown to the Grand Jury, aiding and abetting one another, knowingly and with intent to defraud, executed a scheme to defraud the Financial Institutions, which at all relevant times, were federally insured financial institutions, as to material matters.

12. The fraudulent scheme operated, in substance, as set forth in Paragraph 8 of Count One of this Superseding Indictment.

13. On or about the following dates, within the District of Oregon, and elsewhere, one or more of the **Defendants**, together with others known and unknown to the Grand Jury, aiding and abetting one another, committed each of the following acts, each of which constituted an execution of the fraudulent scheme:

| Count | Date | Defendant(s) Charged | Description of Execution |
|---|---|---|---|
| 2 | June 24, 2024 | **Sulitanu, Caldararu** | $3,000 total unauthorized cash withdrawals using the debit card of AV1 at a Bank of America and branch located at 12280 SW Canyon Road in Beaverton, Oregon. |
| 3 | October 15, 2024 | **Sulitanu** | $9,400 total unauthorized cash withdrawals using the debit card of AV2 at a JP Morgan Chase Bank located at 1689 Molalla Avenue in Oregon City, Oregon. |
| 4 | November 13, 2024 | **Sulitanu, Caldararu** | $605 unauthorized purchase using the debit card of AV3 at the Polo Factory Store located at 1001 North Arney Road, Suite 200 in Woodburn, Oregon. |
| 5 | November 26, 2024 | ▓▓▓▓ | $5,800 unauthorized cash withdrawal using the debit card of AV4 at a Wells Fargo located at 440 SE 181st Avenue in Portland, Oregon. |
| 6 | November 26, 2024 | ▓▓▓▓ | $4,800 unauthorized cash withdrawal using the debit card of AV4 at a Wells Fargo located at 1610 NE 122nd Avenue in Portland, Oregon. |
| 7 | March 25, 2025 | ▓▓▓▓ | $6,000 unauthorized cash withdrawal using the debit card of AV5 at a JP Morgan Chase Bank located at 7515 SW Barnes Road in Portland, Oregon. |

All in violation of 18 U.S.C. § 1344.

## COUNTS 8-12
### (Aggravated Identity Theft)
### (18 U.S.C. § 1028A)

14. All prior paragraphs of this Superseding Indictment are incorporated herein.

15. On or about the dates set forth below in each Count, in the District of Oregon, and elsewhere, ▆▆▆▆▆▆▆▆ **Lucian Sulitanu**, or **Rexona Caldararu** did unlawfully, knowingly, and intentionally transfer, possess, and use, without lawful authority, a means of identification of another, knowing that the means of identification belonged to a real person, during and in relation to felony violations of provisions contained in Chapter 63 of Title 18, to wit: Bank Fraud, as set forth in particular below:

| Count | Date | Defendant(s) Charged | Means of Identification | Felony Violation |
|---|---|---|---|---|
| 8 | June 24, 2024 | Sulitanu | AV1's name Bank of America debit card ending in 5562. | Count 2 |
| 9 | October 15, 2024 | Sulitanu | AV2's name and JP Morgan Chase debit card ending in 9586. | Count 3 |
| 10 | November 13, 2024 | Sulitanu, Caldararu | AV3's name and BMO Bank debit card for bank account ending in 8198. | Count 4 |
| 11 | November 26, 2024 | ▆▆▆ | AV4's name and Wells Fargo Bank debit card ending in 4354. | Count 5 |
| 12 | March 25, 2025 | ▆▆▆ | AV5's name and JP Morgan Chase Bank debit card ending in 9361. | Count 7 |

All in violation of 18 U.S.C. § 1028A.

### FORFEITURE ALLEGATION

16. Upon conviction of the offenses alleged in Counts 1 through 7 of this Superseding Indictment, ▆▆▆▆▆▆▆▆ **Lucian Sulitanu**, and **Rexona Caldararu** shall forfeit to the United States, pursuant to 18 U.S.C. § 982(a)(2)(A), any property constituting, or derived from proceeds defendant obtained directly or indirectly as a result of the offenses, including but not

limited to a sum of money equal to the amount of proceeds as a result of the offenses in the form of a money judgment.

If any of the above-described forfeitable property, as a result of any act or omission of the defendants:

(a) cannot be located upon the exercise of due diligence;

(b) has been transferred or sold to, or deposited with, a third party;

(c) has been placed beyond the jurisdiction of the court;

(d) has been substantially diminished in value; or

(e) has been commingled with other property which cannot be divided without difficulty;

it is the intent of the United States, pursuant to 21 U.S.C. § 853(p) as incorporated by 18 U.S.C. § 982(b), to seek forfeiture of any other property of said defendants up to the value of the forfeitable property described above.

Dated: October 7, 2025

A TRUE BILL.

OFFICIATING FOREPERSON

Presented by:

SCOTT E. BRADFORD
United States Attorney

KATHERINE A. RYKKEN, CSB #267196
Assistant United States Attorney