**PORTLAND MAIN OFFICE**
1000 SW Third Avenue, Suite 600
Portland, Oregon 97204
(503) 727-1000
*www.usdoj.gov/usao/or*

**Katherine A. Rykken**
Assistant U.S. Attorney
katherine.rykken@usdoj.gov
(503) 727-1000
*Reply to Portland Office*



**U.S. DEPARTMENT OF JUSTICE**
United States Attorney's Office
District of Oregon
Scott E. Bradford
United States Attorney

**EUGENE BRANCH**
405 E 8th Avenue, Suite 2400
Eugene, Oregon 97401
(541) 465-6771

**MEDFORD BRANCH**
310 West Sixth Street
Medford, Oregon 97501
(541) 776-3564

February 19, 2026

Gabriel Biello
249 NE Lincoln
Hillsboro, Oregon 97124

   Re: *United States v. Lucian Sulitanu*, Case No. 3:25-cr-350-AB-2
     Plea Agreement Letter

Dear Counsel:

1. **Parties/Scope**: This plea agreement is between this United States Attorney's Office (USAO) and defendant, and thus does not bind any other federal, state, or local prosecuting, administrative, or regulatory authority. This agreement does not apply to any charges other than those specifically mentioned herein.

2. **Charges**: Defendant agrees to plead guilty to Counts One, Four, and Ten of the Superseding Indictment, which charge, respectively, Conspiracy to Commit Bank Fraud, in violation of Title 18, United States Code, Section 1349, Bank Fraud, in violation of Title 18, United States Code, Section 1344(2), and Aggravated Identity Theft, in violation of Title 18, United States Code, Section 1028A.

3. **Penalties**: The maximum sentence for Counts One and Four (Conspiracy to Commit Bank Fraud and Bank Fraud) is 30 years' imprisonment, a fine of $1,000,000 (or twice the gross pecuniary gains or losses resulting from the offense if such amount exceeds $250,000), five years of supervised release, and a $100 fee assessment.

  The sentence for Count Ten (Aggravated Identity Theft) is a mandatory consecutive sentence of two years' imprisonment, a fine not to exceed $250,000 (or twice the gross pecuniary gains or losses resulting from the offense if such amount exceeds $250,000), one year of supervised release, and a $100 fee assessment.

Revised Dec. 2024

Gabriel Biello
Re: Sulitanu Plea Agreement Letter
Page 2
February 19, 2026

Defendant agrees to pay the fee assessment on the day of sentencing or explain to the Court why this cannot be done. If applicable, defendant further stipulates to the forfeiture of the assets as set forth below. Defendant understands that if a mandatory minimum sentence is required, this may restrict the application of downward departures, adjustments, and variances in some cases.

Defendant understands that because defendant is not a citizen of the United States, defendant's guilty plea and conviction make it practically inevitable and a virtual certainty that defendant will be removed or deported from the United States. Defendant acknowledges and agrees that defendant's attorney has explained this and that defendant still wants to plead guilty.

4.    **Dismissal/No Prosecution**: The USAO will move at the time of sentencing to dismiss any remaining counts against defendant. The USAO further agrees not to bring additional charges against defendant in the District of Oregon arising out of this investigation, known to the USAO at the time of this agreement.

5.    **Elements and Factual Basis**: In order for defendant to be found guilty of Count One of the Superseding Indictment, the government must prove the following elements beyond a reasonable doubt:

First, at least two or more persons, including the defendant, entered into an unlawful agreement to commit at least one crime charged in the superseding indictment, that is Bank Fraud as described in Count Four; and

Second, the defendant became a member of the conspiracy knowing of at least one of its objects and intending to help accomplish it.

In order for defendant to be found guilty of Count Four of the Superseding Indictment, the government must prove the following elements beyond a reasonable doubt:

First, the defendant knowingly carried out a scheme or plan to obtain money or property from a financial institution by making false statements or promises;

Second, the defendant knew that the statements or promises were false;

Third, the statements or promises were material; that is, they had a natural tendency to influence, or were capable of influencing, a financial institution to part with money or property;

Fourth, the defendant acted with the intent to defraud; and

Revised Dec. 2024

Gabriel Biello
Re: Sulitanu Plea Agreement Letter
Page 3
February 19, 2026

Fifth, the financial institution was federally insured.

Finally, in order for defendant to be found guilty of Count Ten of the Superseding Indictment, the government must prove the following elements beyond a reasonable doubt:

First, the defendant knowingly used without legal authority a means of identification of another person;

Second, the defendant knew that the means of identification belonged to a real person; and,

Third, the defendant did so during and in relation to committing bank fraud.

Defendant has fully discussed the facts of this case and any potential defenses with defense counsel. Defendant has committed each of the elements of the crimes to which defendant is pleading guilty and admits there is a factual basis for defendant's guilty pleas. The following facts are true and undisputed:

Beginning on or about August 1, 2023 through on or about July 8, 2025, defendant engaged in a conspiracy to commit bank fraud with his co-conspirators, co-defendants Reoxina Caldararu and Petrache Mreana. The fraud scheme generally worked as follows. One of the defendants would follow a victim through the grocery checkout line, watching the pin number the victim used with their debit card to pay for groceries. A defendant would then follow the victim to the parking lot, pretending that the victim had lost cash, usually $20. One of the defendants would insist on placing the cash into the victim's wallet or elsewhere on or near the victim's person and, at the same, remove the victim's debit card. A defendant would then proceed to the victim's bank and remove as much money as possible, either via ATM or by going to the teller. At times, defendant would also use the victim's debit card to make purchases. Defendant caused a total loss of at least $118,088, which loss affected more than ten victims in the District of Oregon and elsewhere.

Specifically, on or about November 13, 2024, defendant or his co-conspirator Caldararu followed Adult Victim 3 (AV3) through a WinCo grocery store in Oregon City, Oregon. Either defendant or his co-conspirator Caldararu watched AV3 use a debit card to learn AV3's PIN and then stole AV3's debit card. AV3's debit card included AV3's name, which name is a means of identification belonging to AV3. Defendant knew that the debit card and AV3's name belonged to a real person and that the debit card did not belong to defendant. Defendant knew he was not authorized to use AV3's debit card and intended to defraud AV3.

Gabriel Biello
Re: Sulitanu Plea Agreement Letter
Page 4
February 19, 2026

Later the same day, on November 13, 2024, defendant or his co-conspirator Caldararu used AV3's debit card to make a $605 unauthorized purchase at the Polo Factory Store located in Woodburn, Oregon, which is within the District of Oregon. Additionally, defendant or his co-conspirator Caldararu made eight unauthorized purchases, including the one at the Polo Store, totaling approximately $3,495 and withdrew money directly from AV3's BMO Bank account totaling approximately $4,000. Defendant caused a total loss of $7,495 directly to AV3.

Defendant's $605 unauthorized purchase at the Polo Factory Store caused an unauthorized withdrawal from AV3's account at BMO Bank, which is a federally insured financial institution.

6.     **Sentencing Factors**: The parties agree that the Court must first determine the applicable advisory guideline range, then determine a reasonable sentence considering that range and the factors listed in 18 U.S.C. § 3553(a). Where the parties agree that sentencing factors apply, such agreement constitutes sufficient proof to satisfy the applicable evidentiary standard.

7.     **Relevant Conduct**: The parties agree that the following guideline calculation is accurate.

| Guideline Section | Offense Level |
|---|---|
| Base Offense Level – 2B1.1(a)(1) | 7 |
| Loss of more than $95,000 but less than $150,000 – 2B1.1(b)(1)(D) | +8 |
| More than 10 victims – 2B1.1(b)(2)(A)(i) | +2 |
| Theft from another person – 2B1.1(b)(3) | +2 |
| **Offense Level** | **19** |
| Acceptance of Responsibility – 3E1.1 | -3 |
| Early Resolution (3553(a)) | -3 |
| **Adjusted Offense Level** | **13** |

8.     **Acceptance of Responsibility**: Defendant must demonstrate to the Court that defendant fully admits and accepts responsibility under USSG § 3E1.1 for defendant's unlawful conduct in this case. If defendant does so, the USAO will recommend a three-level reduction in defendant's offense level (two levels if defendant's offense level is less than sixteen). The USAO reserves the right to change this recommendation if defendant, between plea and sentencing, commits any criminal offense, obstructs or attempts to obstruct justice as explained in USSG § 3C1.1, or acts inconsistently with acceptance of responsibility as explained in USSG § 3E1.1.

Revised Dec. 2024

Gabriel Biello
Re: Sulitanu Plea Agreement Letter
Page 5
February 19, 2026

<u>Early Resolution</u>: If the defendant agrees to resolve his case prior to the first trial setting and does not file pretrial motions, the government will agree to recommend a three-level downward variance to his guideline range pursuant to 18 U.S.C. § 3553(a).

9.      **Sentencing Recommendation**:  The USAO will recommend a sentence within the applicable guideline range as long as defendant demonstrates an acceptance of responsibility as explained above.

10.      **Variance or Adjustment for Certain Zero-Point Offenders**.  If defendant does not have any criminal history points and otherwise meets all of the criteria for the "Adjustment for Certain Zero-Point Offenders," the parties will recommend a two-level downward adjustment pursuant to USSG § 4C1.1, if adopted.

11.      **Additional Departures, Adjustments, or Variances**:  The USAO agrees not to seek any upward departures, adjustments, or variances to the advisory sentencing guideline range, or to seek a sentence in excess of that range, except as specified in this agreement.

12.      **Waiver of Appeal/Post-Conviction Relief**:  Defendant knowingly and voluntarily waives the right to appeal from any aspect of the conviction and sentence on any grounds, except for a claim that: (1) the sentence imposed exceeds the statutory maximum, or (2) the Court arrives at an advisory sentencing guideline range by applying an upward departure under the provisions of Guidelines Chapters 4 or 5K, or (3) the Court exercises its discretion under 18 U.S.C. § 3553(a) to impose a sentence which exceeds the advisory guideline sentencing range as determined by the Court.  Should defendant seek an appeal, despite this waiver, the USAO may take any position on any issue on appeal.  Defendant also waives the right to file any collateral attack, including a motion under 28 U.S.C. § 2255, challenging any aspect of the conviction or sentence on any grounds, except on grounds of ineffective assistance of counsel, and except as provided in Fed. R. Crim. P. 33 and 18 U.S.C. § 3582(c)(2).  In the event that any of defendant's convictions under this agreement are vacated, the government may reinstate and/or file any other charges, and may take any position at a resentencing hearing, notwithstanding any other provision in this agreement.

13.      **Court Not Bound**:  The Court is not bound by the recommendations of the parties or of the presentence report (PSR) writer.  Because this agreement is made under Rule 11(c)(1)(B) of the Federal Rules of Criminal Procedure, defendant may not withdraw any guilty plea or rescind this plea agreement if the Court does not follow the agreements or recommendations of the parties.

14.      **Full Disclosure/Reservation of Rights**:  The USAO will fully inform the PSR writer and the Court of the facts and law related to defendant's case.  Except as set forth in this agreement,

Gabriel Biello
Re: Sulitanu Plea Agreement Letter
Page 6
February 19, 2026

the parties reserve all other rights to make sentencing recommendations and to respond to motions and arguments by the opposition.

15.     **Breach of Plea Agreement**: If defendant breaches the terms of this agreement, or commits any new criminal offenses between signing this agreement and sentencing, the USAO is relieved of its obligations under this agreement, but defendant may not withdraw any guilty plea.

If defendant believes that the government has breached the plea agreement, defendant must raise any such claim before the district court, either prior to or at sentencing. If defendant fails to raise a breach claim in district court, defendant has waived any such claim and is precluded from raising a breach claim for the first time on appeal.

16.     **Restitution**: Defendant agrees fully to disclose all assets in which defendant has any interest or over which defendant exercises control, directly or indirectly, including those held by a spouse, nominee, or third party. Defendant agrees to truthfully complete the Financial Disclosure Statement provided herein by the earlier of fourteen days from defendant's signature on this plea agreement or the date of defendant's entry of a guilty plea, sign it under penalty of perjury, and provide it to both the USAO and the United States Probation Office. Defendant agrees to provide updates with any material changes in circumstances, as described in 18 U.S.C. § 3664(k), within seven days of the event giving rise to the changed circumstances.

Defendant expressly authorizes the USAO to obtain a credit report on defendant. Defendant agrees to provide waivers, consents, or releases requested by the USAO to access records to verify the financial information. Defendant also authorizes the USAO to inspect and copy all financial documents and information held by the U.S. Probation Office.

The parties agree that defendant's failure to timely and accurately complete and sign the Financial Disclosure Statement, and any update thereto, may, in addition to any other penalty or remedy, constitute defendant's failure to accept responsibility under USSG § 3E1.1.

**Transfer of Assets**
Defendant agrees to notify the Financial Litigation Unit of the USAO before defendant transfers any interest in property with a value exceeding $1000 owned directly or indirectly, individually or jointly, by defendant, including any interest held or owned under any name, including trusts, partnerships, and corporations.

/ / /

/ / /

Revised Dec. 2024

Gabriel Biello
Re: Sulitanu Plea Agreement Letter
Page 7
February 19, 2026

**Restitution**

The Court shall order restitution to each victim in the full amount of each victim's losses as determined by the Court, which amount is at least $118,088. Defendant agrees to pay restitution for all losses caused by defendant's conduct, regardless of whether counts of the Superseding Indictment dealing with such losses will be dismissed as part of this plea agreement.

Defendant understands and agrees that the total amount of any monetary judgment that the Court orders defendant to pay will be due. Defendant further understands and agrees that pursuant to 18 U.S.C. § 3614, defendant may be resentenced to any sentence which might have originally been imposed if the court determines that defendant has knowingly and willfully refused to pay a fine or restitution as ordered or has failed to make sufficient bona fide efforts to pay a fine or restitution. Additionally, defendant understands and agrees that the government may enforce collection of any fine or restitution imposed in this case pursuant to 18 U.S.C. §§ 3572, 3613, and 3664(m), notwithstanding any initial or subsequently modified payment schedule set by the court. Defendant understands that any monetary debt defendant owes related to this matter may be included in the Treasury Offset Program to potentially offset defendant's federal retirement benefits, tax refunds, and other federal benefits.

Pursuant to 18 U.S.C. § 3612(b)(1)(F), defendant understands and agrees that until a fine or restitution order is paid in full, defendant must notify the USAO of any change in the mailing address or residence address within 30 days of the change. Further, pursuant to 18 U.S.C. § 3664(k), defendant shall notify the Court and the USAO of any material change in defendant's economic circumstances that might affect defendant's ability to pay restitution, including, but not limited to, new or changed employment, increases in income, inheritances, monetary gifts, or any other acquisition of assets or money.

17.     **Memorialization of Agreement**: No promises, agreements, or conditions other than those set forth in this agreement will be effective unless memorialized in writing and signed by all parties listed below or confirmed on the record before the Court. If defendant accepts this offer, please sign and attach the original of this letter to the Petition to Enter Plea.

/ / /

/ / /

/ / /

/ / /

Revised Dec. 2024

Gabriel Biello
Re: Sulitanu Plea Agreement Letter
Page 8
February 19, 2026

18.    **Deadline**: This plea offer expires if not accepted by February 27, 2026 at 5:00 p.m.

Sincerely,

SCOTT E. BRADFORD
United States Attorney

KATHERINE A. RYKKEN
Assistant United States Attorney

I have carefully reviewed every part of this agreement with my attorney. I understand and voluntarily agree to its terms. I expressly waive my rights to appeal as outlined in this agreement. I wish to plead guilty because, in fact, I am guilty.

2/27/26
Date

Defendant Lucian Sulitanu

I represent the defendant as legal counsel. I have carefully reviewed every part of this agreement with defendant. To my knowledge, defendant's decisions to make this agreement and to plead guilty are informed and voluntary ones.

2/27/26
Date

Gabriel Biello
Attorney for Defendant Lucian Sulitanu

I fully and accurately translated this agreement to the above-named defendant as the interpreter in this case. I fully and accurately interpreted discussions between the defendant and the attorney.

_____
Date

_____
Interpreter

Revised Dec. 2024